## Bell *v.* Murphy, Executor.

The maker of a note executed a mortgage, to secure an accomodation endorser against loss in consequence of his endorsement of the note. At maturity, part of the note was paid, and another note, endorsed by plaintiff, was given for the balance, the first note being returned to the maker. The second note was paid, after protest, by the endorser. In an action by the latter, claiming to be paid the amount by preference out of the mortgaged property: *Held*, that the mortgage was given to secure a specific debt, which was extinguished by novation, and that the mortgage was extinguished with it.

APPEAL from the District Court of St. Mary, *Voorhies*, J. *Splane* and *Stewart*, for the appellant. *Maskell*, for the defendant, contended that the mortgage claimed by plaintiff was extinguished by the novation of the debt it was executed to secure, citing 1 La. 527. 4 La. 247. 8 La. 276, 531. 16 La. 370. 2 Rob. 59. 9 Rob. 484.

The judgment of the court was pronounced by

ROST, J. The plaintiff gave the defendant's testator an accommodation endorsement on a note which was discounted in bank, and took from him a mortgage on two slaves as security against any loss, damage, or injury he might sustain, in consequence of the endorsement of said note. At its maturity it was paid in part; another note, endorsed by the plaintiff, was furnished for the balance, and the original note was returned to the maker. The second note was protested at maturity for non-payment, and subsequently taken up by the plaintiff, who now sues for the amount and claims to be paid by preference out of the proceeds of the property mortgaged to him. There was judgment in his favor for the amount claimed without mortgage, and he has appealed.

There is no error in the judgment. The mortgage was not a general one, to secure the plaintiff for endorsements; it was given to secure the payment of

BELL
v.
MURPHY.

a specific debt, which the evidence shows to have been subsequently novated and extinguished.[*]  The mortgage was extinguished with it.

*Judgment affirmed.*

---

[*] The mortgage recited that: " Whereas the appearer had executed his promissory note for $500, payable at the office of the Gas Light and Banking Compay at Franklin, twelve months after date, dated —— April, 1841, which note was duly endorsed by said *David Bell,* and was discounted at said office on the 28th day of the present month for the accommodation of said appearer, the drawer thereof, the proceeds of which note he the said appearer has realized to himself exclusively ; now therefore, for the purpose of securing the said *David Bell* against any pecuniary loss, damage, or injury, in consequence of his, said *Bell's,* endorsement as aforesaid, the said appearer declares that he doth by these presents mortgage, &c."